UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. ABDUL-ALI MUHAMMAD<br>HEAD OF STATE-ABORIGINAL<br>REPUBLIC OF NORTH AMERICA XI-<br>AMARU INDIGENOUS GOVERNMENT,<br><br>          Plaintiff,<br><br>    v.<br><br>FLORENCE TOWNSHIP POLICE<br>DEPARTMENT, et al.,<br><br>          Defendants. | Civil No. 15-4812 (NLH/AMD)<br><br>**OPINION** |

**APPEARANCES**:

ABDUL-ALI MUHAMMAD
3000 CHESTNUT ST #42083
PHILADELPHIA, PA 19101
    Appearing *pro se*

ANTHONY T. DROLLAS, JR.
WILLIAM R. BURNS
ANDREW C. RIMOL
CAPEHART & SCATCHARD, P.A.
142 WEST STATE ST.
TRENTON, NJ 08608
    On behalf of defendants

**HILLMAN, District Judge**

    This case involves plaintiff's claims that he was assaulted by police officers on the side of the road. Presently before the Court is the motion of defendants to dismiss several of plaintiff's claims. For the reasons expressed below, defendants' motion will be granted and part and denied in part. Plaintiff will be afforded 30 days to file an amended complaint.

**BACKGROUND**

According to his complaint, on the afternoon of July 17, 2014, plaintiff, Dr. Abdul-Ali Muhammad, who states that he is "Head of State-Aboriginal Republic of North America Xi-Amaru Indigenous Government," claims that he was assaulted by Officers of Florence Township while he was stopped on the side of the road and engaged in a dispute over the car keys with his wife. Plaintiff claims that Officers Jonathan Greenburg, Nicole Bonilla, and an unidentified officer arrived at the scene where he was having a dispute with his wife and, at some point during the encounter, all three officers tackled him to the ground. Plaintiff alleges that after having been tackled, he was punched, kicked, cuffed, and pepper sprayed "to near suffocation."

Plaintiff claims that when awoke he was cuffed and bleeding and talking with a medic. Plaintiff states that he identified himself to the officers as an "officer of a foreign government" and wanted to be taken to a hospital. Plaintiff claims he was then "slammed into the back of a vehicle," almost blinded by pepper spray, and denied the opportunity to make a phone call.

Plaintiff filed the instant suit against Greenburg, Bonilla, and the unidentified officer, as well as the Township of Florence, the Florence Township Police Department, and the Florence Township Mayor, Craig Wilkie. Plaintiff's complaint

requests the following relief: (1) that the Court permanently enjoin the three officers and the Florence Township Police Department from arresting plaintiff in the future; (2) that defendants be ordered to pay him five million dollars for his injuries, false arrest, assault and battery upon a head of state; and (3) that criminal charges be filed by the United States Department of Justice against the three officers "for color of authority and violation of 18 U.S.C. 112." Plaintiff alleges that this Court has federal question jurisdiction over this action as it involves (1) assault upon a Head of State; (2) 18 U.S.C. § 112 (Battery and Threatening); (3) 18 U.S.C. § 1163; and (4) 42 U.S.C. § 1983.

Defendants have moved to dismiss plaintiff's complaint on several bases. Plaintiff has opposed their motion.

## DISCUSSION

**A.   Subject matter jurisdiction**

This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331.[1]

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted

---

[1] Plaintiff's complaint was filed on February 2, 2015 in the Eastern District of Pennsylvania. The case was transferred to this Court on June 30, 2015.

3

pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

　　A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions'

4

. . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).

First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal

5

conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**C.   Analysis**

As a primary matter, plaintiff's claims premised on his position as a "head of state" fail as a matter of law.[2]  Sections

---

[2] Defendants argue in their motion to dismiss that plaintiff does not qualify as a "head of state" who could be afforded

6

112 and 1163 of Title 18 of the United States Code are criminal provisions that do not provide for a private cause of action. See 18 U.S.C. §§ 112, 1163; see also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (explaining that courts will not infer a private right of action from a criminal statute alone).

With regard to plaintiff's claims premised on 42 U.S.C. § 1983, the Court points out that § 1983 is not a source of substantive rights, but provides a vehicle for vindicating the violation of other federal rights. Graham v. Connor, 490 U.S. 386, 393-94 (1989). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487

---

protections under 18 U.S.C. §§ 112 and 1163. The Court does not need to opine on plaintiff's political status. Even accepting as true that plaintiff is a "head of state," his claims based on that status are not cognizable.

7

U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Moreover, municipalities and other local government units are among those "persons" to which § 1983 liability applies. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690 (1978). Local governments, however, cannot be held liable for the actions of their employees solely based on the doctrine of *respondeat superior*. Id. at 691-95; Bielevicz v. Dubinon, 915 F. 2d 845, 849-50 (3d Cir. 1990). In order to successfully state a claim for municipal liability, a plaintiff must allege that the employees' actions were pursuant to a policy or custom of the municipality itself. Monell, 436 U.S. at 694; Watson v. Abington, 478 F.3d 144, 155 (3d Cir. 2007); see also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.").

Although Plaintiff's complaint sufficiently alleges the individual officers' use of excessive force and false arrest in violation of the Fourth Amendment,[3] plaintiff's complaint does

---

[3] Although sparse, the factual allegations against the individual officers are concrete and specific enough to survive a motion to

8

not contain those specific allegations necessary for a plausible § 1983 municipality liability claim.  Even though plaintiff has named as defendants the Township, the police department,[4] and the mayor, plaintiff does not allege a policy or custom of the municipality, or how the mayor had personal involvement in the July 17, 2014 incident.  All of these omissions are fatal to the viability of plaintiff's § 1983 claims against defendants other than the individual officers.

In light of the dismissal of some of plaintiff's claims, the Court will afford Plaintiff an opportunity to amend.  Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  Following the Third Circuit's instruction, the Court will afford plaintiff 30 days to file an amended complaint to reassert any claims brought pursuant to 42 U.S.C. § 1983 dismissed as a result of this Opinion and accompanying Order.  Plaintiff should be mindful of the case law

---

dismiss.  Accordingly, those claims may go forward.

[4] A municipality and its police department are a single entity for the purposes of § 1983 liability. Boneberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997).

9

governing § 1983 claims, which is briefly set-forth above. Plaintiff is also reminded that he cannot maintain any claims based on his position of "Head of State-Aboriginal Republic of North America Xi-Amaru Indigenous Government." Additionally, plaintiff is reminded that he must properly serve his amended complaint in compliance with Federal Civil Procedure Rule 4, particularly Rule 4(e) and Rule 4(j).[5]

## CONCLUSION

For the reasons expressed above, Defendants' motion will be denied in part and granted in part. Plaintiff will be granted leave to file and properly serve any amended complaint within 30 days of the filing of this Opinion. An appropriate Order will be entered.

Date: January 22, 2016      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

---

[5] Defendants have moved to dismiss plaintiff's complaint because he failed to properly serve them. If plaintiff files and properly serves an amended complaint this issue becomes moot. If Plaintiff elects to stand on his initial pleading, any remaining defendants may renew their motion to dismiss on these grounds.

10