```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DR. ABDUL-ALI MUHAMMAD HEAD OF STATE-ABORIGINAL REPUBLIC OF NORTH AMERICA XI-AMARU INDIGENOUS GOVERNMENT,<br><br>      Plaintiff,<br><br>  v.<br><br>FLORENCE TOWNSHIP POLICE DEPARTMENT, et al.,<br><br>      Defendants. | Civil No. 15-4812 (NLH/AMD)<br><br>**OPINION** |

**APPEARANCES**:

ABDUL-ALI MUHAMMAD
3000 CHESTNUT ST #42083
PHILADELPHIA, PA 19101
    Appearing *pro se*

ANTHONY T. DROLLAS, JR.
WILLIAM R. BURNS
ANDREW C. RIMOL
CAPEHART & SCATCHARD, P.A.
142 WEST STATE ST.
TRENTON, NJ 08608
    On behalf of defendants

**HILLMAN**, District Judge

    Pending before the Court is the motion of the defendant police officers to dismiss plaintiff's claims against them for false arrest and excessive force. For the reasons expressed below, defendants' motion will be granted.

BACKGROUND

Plaintiff, Dr. Abdul-Ali Muhammad, claims that on the afternoon of July 17, 2014, he was assaulted by Florence Township police officers while he was stopped on the side of the road and engaged in a dispute over the car keys with his wife. Plaintiff claims that, at some point during the encounter, defendant officers Jonathan Greenburg, Nicole Bonilla, and an unidentified third officer, tackled him to the ground. Plaintiff alleges that after having been tackled, he was punched, kicked, cuffed, and pepper sprayed "to near suffocation."

Plaintiff states that he identified himself to the officers as an "officer of a foreign government" and wanted to be taken to a hospital. Plaintiff claims he was then "slammed into the back of a vehicle," almost blinded by pepper spray, and denied the opportunity to make a phone call.

Plaintiff filed the instant suit against Greenburg, Bonilla, and the unidentified officer, as well as the Township of Florence, the Florence Township Police Department, and the Florence Township Mayor, Craig Wilkie. In the Court's prior Opinion addressing the defendants' first motion to dismiss, the Court found: (1) although sparse, the factual allegations against the individual officers for their use of excessive force

and false arrest in violation of the Fourth Amendment were concrete and specific enough to survive a motion to dismiss; and (2) plaintiff's complaint did not contain specific allegations necessary for a plausible § 1983 municipality liability claim against the Township or mayor.  (Docket No. 51.)

The Court afforded plaintiff 30 days to file an amended complaint to reassert any claims brought pursuant to 42 U.S.C. § 1983 that were dismissed as a result of the Opinion.  The Court also noted that the defendants had moved to dismiss plaintiff's complaint because he failed to properly serve them, and reminded plaintiff that he must properly serve his amended complaint in compliance with Federal Civil Procedure Rule 4, particularly Rule 4(e) and Rule 4(j).  The Court also noted that if plaintiff did not file an amended complaint and elected to stand on his initial pleading, the remaining defendants were permitted to renew their motion to dismiss on those grounds.

Plaintiff has not filed an amended complaint, and the remaining defendants - Nicole Bonilla and Jonathan Greenburg – have again moved to dismiss plaintiff's claims against them because plaintiff has failed to effect proper service of his original complaint.

## DISCUSSION

A.  **Subject matter jurisdiction**

This Court has jurisdiction over plaintiff's federal claims

under 28 U.S.C. § 1331.[1]

### B. Standard for Motion to Dismiss for Insufficient Service

Because "[t]he failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case," Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996), it must be determined whether the complaint was properly served. If the complaint was not properly served, the action may be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. See Fed. R. Civ. P. 12(b)(5).

Plaintiff, the party responsible for effecting service, has the burden of proof to demonstrate validity of service. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993). Fed. R. Civ. P. 4(m) provides the time frame a plaintiff has to serve a defendant with the summons and copy of the complaint. The rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] Plaintiff's complaint was filed on February 2, 2015 in the Eastern District of Pennsylvania. The case was transferred to this Court on June 30, 2015.

4

Fed. R. Civ. P. 4(m).

Before a court dismisses a complaint for insufficient service of process, the court must apply a two-step inquiry. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). First, the court should determine whether good cause exists for a time extension. Id. If a plaintiff demonstrates good cause, the time to serve process must be extended. Id. In the absence of good cause, however, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Id.

**C. Analysis**

This court's power to assert *in personam* authority over defendants is dependent on compliance with the technicalities of Rule 4. Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993). Rule 4 requires that if a defendant is not served within 90 days[2] after the complaint is filed, the court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m).

Proper service involves two components. First, a plaintiff must obtain a proper summons for each defendant after the filing of his complaint. See Fed. R. Civ. P. 4(a)(1) ("A summons must:

---

[2] Prior to December 1, 2015, the Rule permitted 120 days for service. Plaintiff's complaint was deemed filed on February 2, 2015. Even if the 120 days applied to plaintiff, he is well beyond the time allotted by Rule 4 to serve his complaint.

5

(A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or — if unrepresented — of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal."); Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.  If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.  A summons — or a copy of a summons that is addressed to multiple defendants — must be issued for each defendant to be served.").

Second, plaintiff must properly serve the defendants in accordance with Fed. R. Civ. P. 4(e), which requires the individual defendants to be served in compliance with relevant state law, including service at a defendant's abode, not business residence.  A summons must be served with a copy of the complaint.  Fed. R. Civ. P. 4(c)(1).

Plaintiff has failed to comply with both of the steps required by Rule 4.  Even though plaintiff filed "proof of service" for Greenburg and Bonilla, the process server, Troy Smokes, indicates that on February 6, 2015, he left a summons

6

for Greenburg and Bonilla with "Chief John Bunce."  (Docket No. 16 and 54-1 at 16, 17.)  These summonses were blank, and were delivered to 711 Broad Street, Florence, New Jersey, which is the address of the Florence Township Municipal Building.  (See Docket No. 54-1 at 19, 22, 29, 32.)  Plaintiff's complaint was not delivered with the blank summonses.  (See id.)  The summonses and complaint were not served on Greenburg and Bonilla at their homes.  (Docket No. 5401 at 29, 32.)

Defendants alerted plaintiff of these defects in their original motion to dismiss filed in March 2015.  (Docket No. 35.)  In January 2016, this Court again informed plaintiff of his duties under Rule 4 to properly serve his complaint, and afforded him additional time to effect proper service.  (Docket No. 51.)  Since then, plaintiff has not made any attempt to cure the defects in the summonses and the service of his complaint with those summonses.

These failures, along with the absence of good cause for these failures, prevent this Court from exercising jurisdiction of these defendants.  Ayres, 99 F.3d at 569.  Consequently, the Court must dismiss plaintiff's action without prejudice.  Fed. R. Civ. P. 4(m).

7

## **CONCLUSION**

For the reasons expressed above, defendants' motion to dismiss will be granted. An appropriate Order will be entered.

Date: October 4, 2016         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.